## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| KLEIN RESTORATION SERVICES, LLC., and SKEETER SHIELD, LLC., | |
| Defendant. | |

Plaintiff Zurich American Insurance Company ("ZAIC"), by way of Complaint against defendants Klein Restoration Services, LLC ("Klein Restoration") and Skeeter Shield, LLC. ("Skeeter"), (collectively "Defendants") states as follows:

### JURISDICTIONAL ALLEGATIONS

1.      ZAIC is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. ZAIC is authorized to transact business and has transacted business in the State of Ohio.

2.      Klein Restoration is a limited liability company organized under the laws of the State of Ohio with a principal place of business at 8045 Dawnwood Avenue NE, Canton, Ohio 44721.  Upon information and belief, the only member of Klein Restoration is Erik Klein, a resident of the State of Ohio with an address of 10994 William Penn Avenue NE, Hartville, Ohio 44632.

3.     Skeeter is a limited liability company organized under the laws of the State of Ohio with a principal place of business at 10994 William Penn Avenue NE, Hartville, Ohio 44632. Upon information and belief, the only member of Skeeter Shield is Joseph Gingerich, a resident of the State of Ohio with an address of 9237 Market Avenue, N., Hartville, Ohio 44632.

**JURISDICTIONAL ALLEGATIONS**

4.     The amount in controversy between the parties is in excess of $75,000.00.

5.     Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

**FACTUAL BACKGROUND**

6.     ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 5 as if fully set forth herein.

7.     ZAIC issued a policy of general liability insurance to Defendants under Policy No. GLO 8691735-00 for the effective dates of September 8, 2018 to September 8, 2019 ("GLO Policy").

8.     ZAIC issued a policy of workers' compensation insurance to Defendants under Policy No. WC 8526862-00 for the effective dates of September 8, 2018 to September 8, 2019 ("WC Policy").

9.     The GLO Policy and WC Policy are hereinafter collectively referred to as the "Policies."

10.     The Policies are insurance contracts which provided coverage to Defendants for certain liabilities as set forth in the Policies.

11.     ZAIC fulfilled its contractual obligations and provided coverage afforded by the Policies.

GLO Policy

12.     Pursuant to the terms of the GLO Policy, initial premiums are based on estimated information submitted by Defendants regarding their estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

13.     Defendants paid the initial premiums for the GLO Policy.

14.     Since initial premiums are based on estimated information, the GLO Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

15.     The audit of the GLO Policy produced additional premiums in the amount of $16,592.53

16.     ZAIC issued invoices and/or demands for payments of the additional premiums in a timely fashion.

17.     Defendants failed and refused to remit payment of the additional premiums for the GLO Policy.

18.     ZAIC has repeatedly demanded payment of the $16,592.53 balance owed by Defendants and has attempted to collect same without success.

19.     Defendants remain indebted to ZAIC, jointly and severally, in the amount of $16,592.00 for the GLO Policy.

WC Policy

20.     Pursuant to the terms of the WC Policy, initial premiums are based on estimated information submitted by Defendants regarding their estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

21.     Since initial premiums are based on estimated information, the WC Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage.  The audit can result in additional or return premiums.

22.     The audit of the WC Policy produced additional premiums in the amount of $116,268.

23.     ZAIC issued invoices and/or demands for payments of the additional premiums in a timely fashion.

24.     Defendants failed and refused to remit payment of the additional premiums or the WC Policy.

25.     ZAIC has repeatedly demanded payment of the $116,268 balance owed by Defendants and has attempted to collect same without success.

26.     Defendants remain indebted to ZAIC, jointly and severally, in the amount of $116,268 for the WC Policy.

The Policies

27.     As of April 30, 2021, interest on the outstanding premiums has accrued in the amount of $13,181.91.

28.     Defendants remain indebted, jointly and severally, to ZAIC in the amount of $146,042.44 ($116,268.00 + $16,592.53 + $13,181.91) for their failure and refusal to remit payment of the premiums for the Policies.

29.     ZAIC issued invoices and/or demands for payment of the $146,042.44 balance in a timely fashion.

30.     ZAIC has repeatedly demanded payment of the $146,042.44 owed by Defendants to ZAIC and has attempted to collect same without success.

31.     Defendants have failed, refused and continue to refuse to remit payment of the premiums which Defendants owe to ZAIC pursuant to the terms of the Policies, thereby resulting in damages to ZAIC in the amount of $146,042.44

### COUNT ONE
**(Breach of Contract)**

32.     ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 31 as if fully set forth herein.

33.     Defendants have failed, refused and continue to refuse to remit payment for the audit premiums in the amount of $146,042.44 pursuant to the terms of the Policies.

34.     Defendants breached the insurance contracts between the parties by their failure and refusal to remit payment of the audit premiums which they owe to ZAIC for the Policies.

35.     ZAIC, on numerous occasions prior to the filing of the instant litigation, demanded payment of the $146,042.44 owed by Defendants and attempted to collect same without success.

36.     Defendants have failed, refused and continue to refuse to pay the balance due and owing to ZAIC.

37.     As a result of Defendants' breach of the insurance contracts, ZAIC has suffered damages in the amount of $146,042.44, plus attorney's fees, interest and costs.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally, in the amount of $146,042.44 for compensatory damages, together with attorney's fees, cost of suit, interest and such further relief as this Court deems just and proper.

### COUNT TWO
**(Account Stated)**

38.     ZAIC repeats, restates and realleges the allegations of Paragraph 1 through 31 of this Complaint as if fully set forth herein.

39.     ZAIC presented a statement of account to Defendants.

40.     Defendants did not dispute the statement of account.

41.     Defendants have failed to provide any information or documents identifying an error in the statement of account.

42.     Defendants, being indebted to ZAIC upon accounts stated between them, promised to pay ZAIC upon demand.

43.     ZAIC has demanded that Defendants remit payment for the account owed to ZAIC. Defendants, however, have failed and refused to remit payment.

44.      As a result of the foregoing, ZAIC has suffered damages in the amount of $146,042.44.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally, in the amount of $146,042.44 for compensatory damages, together with attorney's fees, cost of suit, interest and such further relief as this Court deems just and proper.

## COUNT THREE
### (Unjust Enrichment)

45.     ZAIC repeats, restates and realleges the allegations of Paragraph 1 through 5 of this Complaint as if fully set forth herein.

46.     ZAIC provided insurance coverage and related services for Defendants for which Defendants have refused to pay and have been unjustly enriched thereby.

47.     Defendants accepted the insurance provided by ZAIC.

48.     It would be unconscionable for the Defendants to retain the benefits of insurance coverage and related services without payment to ZAIC.

49.     ZAIC, prior to the filing of the instant litigation, demanded payment of the $146,042.44 and attempted to collect same without success.

50.     As a result of Defendants' unjust enrichment, ZAIC has suffered damages in the amount of $146,042.44, plus attorney's fees, interest and costs.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally in the amount of $146,042.44 for compensatory damages, together with attorney's fees, cost of suit, interest and such further relief as this Court deems just and proper.

                                        Respectfully submitted,


                                        */s/ Jonathan R. Secrest*
                                        Jonathan R. Secrest, Esq. (0075445)
                                        Dᴜᴄᴋɪɴsᴏɴ Wʀɪɢʜᴛ PLLC
                                        150 East Gay Street Suite 2400
                                        Columbus, Ohio  43215
                                        Telephone: (614) 744-2572
                                        Facsimile: (844) 670-6009
                                        Email: jsecrest@dickinsonwright.com

                                        *Counsel for Plaintiff*